**Ibrahima DIALLO, Petitioner,**

**v.**

**Michael B. MUKASEY,\* Respondent.**

**No. 06–5711–ag.**

United States Court of Appeals, Second Circuit.

Dec. 4, 2007.

---

\* Pursuant to Rule 43(c)(2) of the Federal Rules of Appellate Procedure, Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Matthew J. Harris, of counsel to Eric A. Wuestman, Brooklyn, NY, for Petitioner.

Maxwell Wood, United States Attorney for the Middle District of Georgia, Dean S. Daskal, Nicole Murley, Assistant United States Attorneys, Columbus, GA, for Respondent.

PRESENT: Hon. AMALYA L. KEARSE, Hon. JOSEPH M. McLAUGHLIN, Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Petition for review of an order of the Board of Immigration Appeals ("BIA") af-

firming an order of the Immigration Judge ("IJ") that denied petitioner's applications for asylum, withholding of removal, and relief pursuant to the Convention Against Torture ("CAT") and denying petitioner's claim that an incompetent translation at the removal hearing denied the petitioner due process of law.

Petitioner Ibrahima Diallo, a citizen of Guinea, petitions for review of a November 17, 2006, BIA decision that affirmed the April 14, 2005, decision of Immigration Judge Robert D. Weisel, denying petitioner's applications for asylum, withholding of removal, and CAT relief, and denied petitioner's due process claim. *In re Ibrahima Diallo,* No. A97 849 501 (B.I.A. Nov. 17, 2006), *aff'g* No. A97 849 501 (Immig. Ct. N.Y. City Apr. 14, 2005). We assume the parties' and counsel's familiarity with the facts and procedural history of this case, and the scope of the issues presented by this petition.

Where, as here, the BIA agrees with the IJ's conclusions and "emphasizes particular aspects of the IJ's decisions, we review both the BIA's and the IJ's opinions." *Ming Xia Chen v. BIA,* 435 F.3d 141, 144 (2d Cir.2006).

We review legal questions and applications of law to fact *de novo* and the BIA's findings of fact for substantial evidence. *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). The substantial evidence standard requires that findings "be supported by reasonable, substantial[,] and probative evidence in the record." *Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 116 (2d Cir.2007) (internal quotation marks omitted). The agency's factual findings are treated as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also, e.g., Iouri v.*

*Ashcroft,* 487 F.3d 76, 81 (2d Cir.2007) (quoting § 1252(b)(4)(B)).

█ With respect to Diallo's application for withholding of removal, the BIA found that Diallo's 1998 arrest and 23–day detainment without physical injuries or abuse after a political demonstration did not constitute harm rising to the level of persecution. "[P]ersecution 'includes more than threats to life and freedom,' and therefore encompasses a variety of forms of adverse treatment, including . . . non-physical forms of harm. . . ." *Ivanishvili v. U.S. Dep't Of Justice,* 433 F.3d 332, 341 (2d Cir.2006) (citations and internal quotation marks omitted). Whether mistreatment rises to the level of persecution "must be decided on a case-by-case basis." *Id.* The IJ and the BIA considered the circumstances of Diallo's 1998 arrest and 23–day detention, including but not limited to the fact that he was not physically injured, and found that Diallo failed to allege harm rising to the level of persecution. This finding is supported by substantial evidence.

█ As to Diallo's second arrest and detention in 2000, the IJ and BIA found that Diallo had not shown a nexus between those acts and his political activity or ethnicity. The BIA's factual finding that Diallo was not arrested or detained because of his political affiliation or ethnicity is supported by substantial evidence, inasmuch as Diallo proffered no evidence to support his assertion that the authorities involved in the 2000 arrest and detention were aware of Diallo's participation in a political demonstration two years earlier, or of his ethnicity.

█ The BIA and IJ also found that it was not more likely than not that Diallo would be persecuted if he were returned to

Guinea. In light of the passage of time since his 1998 arrest and that his wife, a member of the same political party, still resides in Guinea, apparently without being subject to mistreatment, the BIA's factual finding that Diallo would not be subject to persecution in Guinea is supported by substantial evidence.

■ With regard to Diallo's claim of incompetent translation, Diallo does not point to any facts that were stated incorrectly at the hearing as a result, and there was no adverse credibility finding or other showing of prejudice that would lead us to conclude that Diallo was not able to "place his claim before the judge," *Augustin v. Sava,* 735 F.2d 32, 37 (2d Cir.1984), as required by the due process clause of the Constitution.

■ Finally, Diallo does not present any arguments addressing the denial of his applications for asylum and CAT relief. We deem them waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review of the order of the Board of Immigration Appeals is hereby DENIED.